UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES TOWNSEND, FLORZELL PIPPEN, and DIONE CHRISTIAN, on behalf of themselves and all others similarly-situated, | ) ) ) ) CASE NO. ) ) JUDGE ) ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** ) ) ) **JURY DEMAND ENDORSED HEREON** ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| STAND UP MANAGEMENT, INC., | |
| DePERE CONCEPTS, INC., | |
| EXELON GENERATION COMPANY, LLC, d/b/a CONSTELLATION ENERGY, | |
| BRIAN TIDWELL,          - and - | |
| COLE HEEG, | |
| Defendants. | |

Plaintiffs, James Townsend ("Plaintiff Townsend"), Florzell Pippen ("Plaintiff Pippen"), and Dione Christian ("Plaintiff Christian") (collectively "Plaintiffs"), by and through counsel, for their Complaint against Defendants Stand Up Management, Inc. ("Defendant Stand Up"); DePere Concepts, Inc. ("Defendant DePere"); Exelon Generation Company, LLC, d/b/a Constellation Energy ("Defendant Exelon"); Brian Tidwell ("Defendant Tidwell"); and Cole Heeg ("Defendant Cole") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq.* ("OMFWSA"), and the Ohio Constitution, Oh. Const. Art. II, §34a (referred to collectively as the "Ohio Wage Laws"). The following allegations are based on personal knowledge of Plaintiffs' own conduct and upon information and belief as to the conduct and acts of others, state and allege as follows:

1

## INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Wage Laws; and concerns the underpayment of overtime and/or minimum wages to non-exempt employees.

2) Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly-situated." Plaintiffs bring this case on behalf of themselves and other "similarly-situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

3) Plaintiffs also bring this case as a collective action pursuant to O.R.C. §41114.14(K) to remedy violations of the Ohio Wage Laws for the non-payment of minimum wages on behalf of all similarly-situated employees currently or previously employed by Defendants in Ohio within the three years preceding the filing of this Action.

4) Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for the non-payment of overtime on behalf of all similarly-situated employees currently or previously employed by Defendants in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

5) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8) Plaintiff Townsend is an adult individual, residing in Cuyahoga County, Ohio who was jointly employed by Defendants from approximately October 2017 through September 2018.

9) Plaintiff Pippen is an adult individual, residing in Cuyahoga County, Ohio who was jointly employed by Defendants from approximately July 2017 through June 2018.

10) Plaintiff Christian is an adult individual, residing in Cuyahoga County, Ohio who was jointly employed by Defendants from approximately September 2017 through January 2018.

11) Plaintiffs' written consents to join this action is being filed pursuant to 29 U.S.C. § 216(b) and O.R.C. § 41114.14(K) are attached as **Exhibit A**.

12) Defendant Stand Up is a for-profit Ohio corporation that is registered to conduct business in Ohio. Defendant Stand Up's principal place of business is located at 5755 Granger Rd., Suite 615, Independence, OH 44131 (Cuyahoga County). Defendant Stand Up can be served through its Statutory Agent, Brian Tidwell at 5755 Granger Rd., Ste. 615, Independence, OH 44131.

13) Defendant DePere is a for-profit Ohio corporation that is registered to conduct business in Ohio. Defendant Stand Up's principal place of business is located at 5755 Granger Rd., Suite 615, Independence, OH 44131 (Cuyahoga County). Defendant Stand Up can be served through its Statutory Agent, Cole Heeg at 6500 Rockside Rd., Ste. 310, Independence, OH 44131.

14) Defendant Exelon is a for-profit Pennsylvania corporation that is registered to conduct business in Ohio under the registered trade name of Constellation Energy. Defendant

Exelon has registered in Ohio as the Statutory Agent of Constellation Energy: Exelon Generation Company, LLC, 300 Exelon Way, Kennett Square, PA 19348. Defendant Exelon also has registered as its Statutory Agent in Ohio: Corporate Creations Network, Inc., 119 E. Court St., Cincinnati, OH 45202.

15) Defendants Stand Up, DePere, and Exelon will collectively be referred to as "Corporate Defendants."

16) Defendant Tidwell is an individual residing in this District. He is the owner and statutory agent of Defendant Stand Up. Defendant Tidwell can be served at his last known address of 10701 Earle Ave., Cleveland, OH 44108.

17) Defendant Heeg is an individual residing in this District. He is the owner and statutory agent of Defendant DePere. Defendant Heeg can be served at his last known address of 1270 Candlewick Ln., Broadview Heights, OH 44147.

18) Defendants Tidwell and Heeg will collectively be referred to as "Individual Defendants."

## FACTUAL ALLEGATIONS

19) At all relevant times, Defendants are and have been individually and jointly in the business of marketing and selling natural gas and/or electricity to residential and/or commercial customers.

20) Defendant Exelon holds itself out as being a Fortune 100 company that works in every stage of the energy business, and as doing business in the United States and Canada. Defendant Exelon operates as "Constellation" or "Constellation Energy" in Connecticut, Georgia, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Nebraska, New Jersey, New York, Ohio, Pennsylvania, Texas, Virginia, Washington, D.C., and Wyoming.

4

21) Plaintiffs and others similarly-situated were jointly employed by Defendants to go door-to-door to market Defendant Exelon's energy services to potential customers.

22) Plaintiffs and others similarly-situated had the ability to work for Defendants for an indefinite time, subject to rights of termination or resignation, and were not limited by contract as to term of employment.

23) Plaintiffs Townsend, Pippen, and Christian and others similarly-situated were managed and supervised by Defendants Stand Up, DePere, Tidwell, and Heeg to perform assigned door-to-door canvassing in Ohio.

24) Upon information and belief, Defendant Exelon engages similar individuals and/or corporate entities to manage and supervise others similarly-situated to Plaintiffs in other U.S. states in which Defendant Exelon operates as Constellation or Constellation Energy.

25) Plaintiffs and others similarly-situated do not actually make sales, do not operate independently, and are closely supervised by Defendants.

26) Plaintiffs and others similarly-situated are trained and required to follow certain procedures and Defendant-provided scripts to use when meeting Defendants' customers and potential customers.

27) Plaintiffs and others similarly-situated are not required to have prior sales experience to perform their assigned and scripted tasks for Defendants.

28) Plaintiffs and others similarly-situated are required to wear uniforms, such as hats and/or shirts with the "Constellation" or "Constellation Energy" name and/or logo. Additionally, the lanyards, tablets, clip-boards, and paperwork used in performing their assigned and scripted tasks for Defendants also include the "Constellation" or "Constellation Energy" name and/or logo.

29) In addition to assigning tasks and scripts, Defendants control the days, hours, and areas worked by Plaintiffs and others similarly-situated.

30) Plaintiffs and others similarly-situated are not permitted to deviate from the assigned canvassing areas.

31) Plaintiffs and others similarly-situated are not permitted, trained, or have access to Defendants' marketing or competitor information which Defendants alone use to determine and assign canvassing locations.

32) Plaintiffs and others similarly-situated are required to meet at Defendants' office(s) and/or other locations, at which time Plaintiffs and others similarly-situated are given instructions, including being assigned specific areas to canvass. At the end of the day, Plaintiffs and others similarly-situated are then transported back to Defendants' office(s) and/or other locations.

33) The meetings are a necessary and indispensable parts of the principal activities of Plaintiffs and others similarly-situated, were required by Defendants, and were performed for the Defendants' benefit.

34) Plaintiffs and others similarly-situated are required to visit a minimum number of houses per day.

35) Plaintiffs and others similarly-situated are typically not permitted to take breaks or quit early.

36) Plaintiffs and others similarly-situated are typically required to check in with Defendants regularly.

37) Plaintiffs and others similarly-situated regularly work approximately 10 or more hours per day for approximately five to six days a week, thereby regularly working more than 40 hours in a workweek.

38) Plaintiffs and others similarly-situated are not paid at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

39) Plaintiffs and others similarly-situated do not make actual sales. Their duties only involve gathering information from customers and/or potential customers, and providing that information to Defendants, usually by sheets or computer tablet. After Plaintiffs and others similarly-situated perform their assigned and scripted tasks, the customer or potential customer must contact another entity not within the control of Plaintiffs or others similarly-situated before the customer is actually approved for services.[1] This subsequent contact by the customer or potential customer to Defendants is typically by phone, and Plaintiffs and others similarly-situated do not participate in the phone call or control the results of the phone call.

40) Not all customers that provide information to Plaintiffs and others similarly-situated are ultimately approved.

41) Plaintiffs and others similarly-situated have no further contact with the customer after performing the required and scripted tasks, unless otherwise directed back to the customer's or potential customer's home by Defendants.

42) Plaintiffs and others similarly-situated are paid a flat amount, usually between $40 to $60, for each customer that signs up for Defendant Exelon's services and approved by Defendants.

43) However, if the customer subsequently demonstrates late or insufficient payment, Defendants recoup the entire or partial amounts paid to Plaintiffs and others similarly-situated in later paychecks. This often results in significantly reduced compensation, even as low as zero

---

[1] Other entities apparently related to Constellation Energy were United Energy Services and Data Exchange. Plaintiffs do not have sufficient information at this time to determine whether these too are joint employers under the FLSA and/or the Ohio Wage Laws, and thereby expressly reserve the right to amend this Complaint should facts later reveal potential joint employment.

compensation for a week's work; thereby resulting in wages lower than the lawful minimum wage. Accordingly, in addition to unpaid overtime, Defendants pay practices described herein also result in unpaid minimum wages in certain workweeks.

44) Upon information and belief, job duties and commission structure were the same or substantially the same across all employees of all Defendants.

45) Plaintiffs estimate at least 40, and probably more, similarly-situated employees in Ohio alone.

46) At all relevant times, Plaintiffs and those similarly-situated were employees of Defendants within the meaning of the FLSA and the Ohio Wage Laws.

47) At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the Ohio Wage Laws.

48) At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

49) At all relevant times, Plaintiffs and those similarly-situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

50) At all relevant times, Plaintiffs and those similarly-situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

51) The primary duties of Plaintiffs and those similarly-situated were not management.

52) The primary duties of Plaintiffs and those similarly-situated were not sales.

53) Plaintiffs and those similarly-situated were subject to significant control by Defendants, sufficiently so that Plaintiffs and others similarly-situated were not exempt as outside salespersons.

54) Plaintiffs Townsend and Pippen worked through Defendant Stand Up to go door-to-door to market Defendant Exelon's energy services to customers or potential customers in Ohio.

55) Plaintiff Christian worked through Defendant DePere to go door-to-door to market Defendant Exelon's energy services to customers or potential customers in Ohio.

56) Upon information and belief, during all relevant times, Defendants Stand Up, Tidwell, DePere, and Heeg have operated out of the same office, with the same address, the same door, the same support staff, and the same or shared processes. For example, both Corporate Defendants share the address of 5755 Granger Rd., Suite 615, Independence, OH 44131, and these Defendants shared communication platforms by which they jointly supervised Plaintiffs and others similarly-situated in the field.

57) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiffs and others similarly-situated.

58) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiffs and others similarly-situated.

59) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiffs and others similarly-situated.

60) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiffs and others similarly-situated.

61) At all relevant times, Defendants shared ultimate authority and control of employment records.

62) At all relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and others similarly-situated.

63) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and others similarly-situated.

64) At all relevant times, Defendants shared the services of Plaintiffs and others similarly-situated.

65) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and others similarly-situated.

66) As a matter of economic reality, Plaintiffs and other similarly-situated employees were non-exempt employees under the FLSA and the Ohio Wage Laws.

67) Plaintiffs and other similarly-situated employees routinely worked forty (40) or more hours per workweek, but were not paid at least one and one half times their regular rates for hours worked in excess of 40 in a workweek.

68) Plaintiffs and other similarly-situated employees were paid less than minimum wage in some workweeks.

69) Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

70) The exact amount of unpaid wages, including minimum wages and/or overtime compensation that Defendants failed to pay Plaintiffs and others similarly-situated is not yet known by Plaintiffs, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

71) The FLSA and the Ohio Wage Laws require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Defendants failed to make, keep, and preserve records of all required and unpaid

Case: 1:18-cv-02884-CAB  Doc #: 1  Filed: 12/14/18  11 of 19.  PageID #: 11

work performed by Plaintiffs and other similarly-situated employees. Therefore, Plaintiffs and other similarly-situated employees are entitled to a reasonable estimate of such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

72) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

73) Plaintiffs bring this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

74) The collective which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves a member, is composed of and defined as follows:

> **All former and current employees who had the job of going door-to-door for Defendant Exelon doing business as Constellation or Constellation Energy and who were not paid minimum wage and/or overtime within three (3) years preceding the date of filing of this Complaint to the present (the "FLSA Collective").**

75) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages and/or overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly-situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

76) The similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO COLLECTIVE ACTION ALLEGATIONS

77) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

78) Plaintiffs bring this action on their own behalf and on behalf of other similarly-situated employees pursuant to O.R.C. § 4111.14(K) who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

79) The collective which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the Ohio collective action, and of which Plaintiffs are themselves a member, is composed of and defined as follows:

> **All former and current employees who had the job of going door-to-door for Defendant Exelon doing business as Constellation or Constellation Energy in Ohio, and who were not paid minimum wages within three (3) years preceding the date of filing of this Complaint to the present (the "Ohio 4111.14(K) Collective").**

80) This action is maintainable as an "opt-in" collective action pursuant to O.R.C. §4111.14(K) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the Ohio Wage Laws. In addition to Plaintiffs, numerous current and former employees are similarly-situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

81) The similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to O.R.C. § 41114.14(K), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the Ohio Wage Laws.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

82) Plaintiffs further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and a class of current or former employees employed by Defendants in Ohio, defined as:

> **All former and current employees who had the job of going door-to-door for Defendant Exelon doing business as Constellation or Constellation Energy in Ohio, and who were not paid overtime wages within two (2) years preceding the date of filing of this Complaint to the present (the "Ohio Overtime Class").**

83) Each class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state the exact size of the potential Ohio Overtime Class; but, upon information and belief aver that each class consists of at least 40 employees (the exact number will be in Defendants' records).

84) There are questions of law or fact common to the Ohio Overtime Class including: whether Defendants' practices in Ohio resulted in its employees not being paid overtime wages and whether such wages remain unpaid.

85) Plaintiffs will adequately protect the interests of the Ohio Overtime Class members. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Overtime Class members. Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Overtime Class in this case.

86) The questions of law or fact that are common to the Ohio Overtime Class predominate over any questions affecting only individual members. The primary questions that

will determine Defendants' liability to each class, listed above, are common to each class as a whole, and predominate over any questions affecting only individual class members.

87) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Overtime Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Overtime Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

88) Further, "[n]o matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988).

## COUNT ONE
### (Overtime/Minimum Violations – FLSA Collective)

89) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

90) Defendants are individual and joint "employers" covered by the minimum wage and overtime requirements of the FLSA.

91) The FLSA requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek and/or paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

92) As employees of Defendants, Plaintiffs and others similarly-situated work or worked hours in a workweek in which they were not paid a minimum wage.

93) As employees of Defendants, Plaintiffs and others similarly-situated work or worked more than 40 hours in a workweek, but were not paid overtime compensation for those hours.

94) Defendants violated the FLSA by having a company-wide policy of requiring Plaintiffs and others similarly-situated to perform non-exempt work, and by failing to pay them at a least a minimum wage for all hours worked in a workweek and/or overtime compensation for hours worked over 40 in a workweek.

95) Plaintiffs and others similarly-situated were not exempt under the FLSA.

96) Defendants' practices and policies described herein violated the FLSA.

97) Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA.

98) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

99) As a result of Defendants practices and policies, Plaintiffs and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

100) Pursuant to the FLSA, Plaintiffs are entitled to attorneys' fees and costs incurred.

**COUNT TWO**
**(Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)**

101) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

102) Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

103) The Ohio Wage Laws requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

104) As employees of Defendants, Plaintiffs and others similarly-situated work or worked hours in a workweek in which they were not paid a minimum wage.

105) Defendants jointly violated the Ohio Wage Laws by having a company-wide policy of not paying Plaintiffs and others similarly-situated at least the Ohio minimum wage for each hour worked in a workweek in the last three years.

106) Plaintiffs and others similarly-situated were not exempt under the Ohio Wage Laws.

107) Pursuant to the Ohio Wage Laws Plaintiff is entitled to wages dating back three (3) years.

108) Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees further violated the Ohio Wage Laws.

109) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

110) As a result of Defendants' practices, Plaintiff and the Ohio 4111.14(K) Collective members have been damaged in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

111) Pursuant to the Ohio Revised Code, Plaintiffs are entitled to attorneys' fees and costs incurred.

## COUNT THREE
**(Overtime Violations – Ohio Overtime Class)**

112) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

113) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

114) Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

115) The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

116) As employees of Defendants, Plaintiffs and others similarly-situated work or worked more than 40 hours in a workweek, but were not paid overtime compensation for those hours.

117) Defendants violated the OMFWSA by having a company-wide policy by requiring Plaintiffs and others similarly-situated to perform non-exempt work, and by failing to pay them overtime compensation for hours worked over 40 in a workweek.

118) Plaintiffs and others similarly-situated were not exempt under the OMFWSA.

119) Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA.

120) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

121) As a result of Defendants' practices, Plaintiffs and the Ohio Overtime Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

122) Pursuant to the Ohio Revised Code, Plaintiffs are entitled to attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b) and O.R.C. § 4111.14(K); and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K), and the Ohio Overtime Class members;

C. Award Plaintiffs, and the collectives and classes they represent, actual damages for unpaid wages;

D. Award Plaintiffs, and the collectives and classes they represent, liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and those similarly-situated;

E. Award Plaintiffs, and the collectives and classes they represent, pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiffs, and the collectives and classes they represent, attorneys' fees, costs, and disbursements;

G. Award Plaintiffs an additional Service Award, to be determined at trial; and

H. Award Plaintiffs, and the collectives and classes they represent, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**Nilges Draher LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)